## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

HENRY W. KOEHLER, III,

     Plaintiff,

v.                                 **CASE NO. CV 06-J-235-S**

ALABAMA QUALITY ASSURANCE
FOUNDATION,

     Defendant.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 17), and memorandum of law with attached evidentiary materials (doc. 18).   The plaintiff submitted a brief in opposition thereto and supporting evidentiary materials (docs. 29 and 30).  The court has reviewed the motion, the memoranda of law, and the evidentiary submissions of the parties.  Upon consideration of the pleadings, briefs, and evidentiary submissions, the court concludes that the defendant's motion for summary judgment is due to be **GRANTED**.

## I. Procedural History

Plaintiff filed suit in this court on January 31, 2006, alleging he was denied post-termination employment benefits, in violation of his employment contract with the defendant. This action is before the court pursuant to § 28 U.S.C. § 1332.

## II. Factual Background

The facts of this case are not in dispute.  The plaintiff was hired by defendant to serve as Chief Executive Officer, effective January 17, 2002.  Plaintiff exhibit 1. On this same date, the parties entered an Employment Agreement, defining the scope, terms and conditions of the plaintiff's employment with defendant.  Exhibit 3 to plaintiff's depo.  Paragraph 9 of the Employment Agreement reads as follows:

> *Involuntary Termination*
>
> (a) AQAF may terminate this Agreement immediately upon written notice to Mr. Koehler on the occurrence of any of the following events;
>
> ...
>
> (iii) Mr. Koehler's conviction of a crime involving moral turpitude, or the substantiated allegation of any act or omission, including but not limited to any dishonest or fraudulent act, materially detrimental to the interests of AQAF.

Exhibit 3 to plaintiff's depo.  The Agreement further states that:

> This Agreement contains the entire agreement between the Parties relating to the subject matter addressed herein.  Any prior or contemporaneous agreement, promise, or representation, whether oral or written, relating to the subject matter of this Agreement and not expressly set forth or referenced in this Agreement or a proper amendment hereto shall be of no force or effect.

*Id*., at ¶ 14.  Exhibit A to the Employment Agreement is entitled "Compensation and Benefits for Henry Koehler" and contains the following provision:

> A-4   In the event of termination of this Agreement for any reason, Mr. Koehler shall be entitled to: (a) Base Compensation for all time worked up to, but not including the effective date of termination, on a prorated basis: (b) compensation in lieu of any unused vacation time; plus (c) any accrued, allowable expenses.

Exhibit A to Exhibit 3 to plaintiff's depo.

On March 19, 2004, the plaintiff pleaded guilty to violation of 18 U.S.C. § 2252A(a)(2)(A), which makes the knowing receipt of child pornography a crime. *See* CR 04-C-42-S (N.D.Ala.); plaintiff depo. at 16, 18.  The parties agree this is a crime of moral turpitude. Plaintiff depo. at 19, 39-40;  defendant's memorandum, at 3.  On March 22, 2004, the plaintiff's employment with defendant was terminated.  Plaintiff depo. at 16; exhibit 6 to plaintiff's depo.  The plaintiff was sentenced to serve sixty months imprisonment on June 14, 2004.  *See* CR 04-C-42-S.

The plaintiff asserts in his complaint that the defendant is in breach of the contract and further in breach of an implied contract.  Although not part of the Employment Agreement, the plaintiff asserts that he should have received severance pay based on defendant's prior actions in awarding severance pay to other terminated employees.  Plaintiff depo. at 20-25; plaintiff's exhibit 2.  However, he agrees that there is no written document entitling him to severance pay.  Plaintiff depo. at 23. The plaintiff argues that, pursuant to his Employment Agreement, he should have been paid until June 14, 2004.  Plaintiff depo. at 35.  He asserts that he was

wrongfully terminated because that date, and not the date he pleaded guilty, is when he was actually "convicted" of the crime in question.   Plaintiff depo. at 35, 63; plaintiff's brief in opposition, ¶ 12.  The plaintiff also asserts he should have received retirement contributions and vacation pay until June 14, 2004.  Plaintiff depo. at 44-45; Exhibit 3 at Exhibit A.

### III. Standard of Review for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R. Civ.Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The nonmovant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.1993). A dispute is genuine "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-252.

### IV. Legal Analysis

The plaintiff testified during his deposition as follows:

> Q. ... When you pled guilty on March 19, of 2004, had you been convicted yet of a crime?
> A. No. I just pled guilty.
> Q. Well, if you had not been convicted of a crime yet, do you take the position that you're entitled to compensation for the period between March 22, when you were terminated and June 14, when you were actually convicted?
> A. Yes.

Plaintiff depo. at 63. Unfortunately, the plaintiff is simply wrong in his supposition that he was not "convicted" of receipt of child pornography until June 14, 2004. In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court stated, "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment ... [A]s we have said, a plea of guilty is more than an admission of conduct; it is a conviction." *Id*., 395 U.S. at 242; 89 S.Ct. at

1711-1712.  Therefore, the plaintiff was actually convicted on the date he pleaded guilty.  Based on the contract between the parties, the defendant had no obligation to pay the plaintiff's salary past March 22, 2006.  The plaintiff makes no assertion he was not paid up to March 22, 2006.  The plaintiff has therefore received all the salary he was due.

The plaintiff also seeks unused vacation time, which he calculated to be approximately 180 hours for the year 2004.  Plaintiff depo. at 44, 65.  Plaintiff erroneously asserts that he would be entitled to his entire sum of vacation time upon his termination.  Plaintiff depo. at 44-45, 65.  However, Exhibit A to the Employment Agreement states that, upon termination, the plaintiff is entitled to compensation in lieu of unused vacation time on a prorated basis.[1]  The plaintiff stated that he did not know if his final paycheck included prorated vacation time.  Plaintiff depo. at 46.  The plaintiff has produced no evidence that he did not receive all the compensation he was due for vacation time accrued as of the date of his termination.

The plaintiff also seeks retirement contributions based on the time period from March 22, 2004, through June 14, 2004.  Plaintiff depo. at 68.  As this claim is based on plaintiff's erroneous assumption that he was not "convicted" of a crime of moral

---

[1]The plaintiff asserts he had taken approximately 20 hours of vacation time as of the date of his termination.  Plaintiff's brief in opposition, at 14.

7

turpitude until he was sentenced, the plaintiff cannot show any entitlement to such contributions.

The plaintiff further seeks severance benefits. Plaintiff depo. at 44. No provision for such benefits appears in the plaintiff's Employment Agreement. Rather, the plaintiff bases this claim on his belief that other executives who have been terminated received severance. Plaintiff depo. at 44. However, the plaintiff also testified that he had no personal knowledge about any of the four executives he identified as having received severance pay, and no knowledge as to whether each of those four negotiated for severance pay prior to each of their respective terminations. Plaintiff depo. at 69-74.

The language of the Employment Agreement on which the plaintiff relies for his assertion he is entitled to severance pay states as follows:

> 6. *Employee Benefits*. In addition to the benefits specified in Exhibit A, Mr. Koehler shall be entitled to receive or participate in all employee benefit programs generally available to employees of AQAF in accordance with the terms thereof, as in effect from time-to-time.

Plaintiff exhibit A, ¶ 6. The court finds nothing in this paragraph supports the plaintiff's argument.

In reading the Employment Agreement, the court applies ordinary rules of contract construction. "General contract law requires a court to enforce, as it is written, an unambiguous and lawful contract. A court may not make a new contract

for the parties or rewrite the contract under the guise of construing it." *Universal Underwriters Life Ins. Co. v. Dutton*, 736 So.2d 564, 570 (Ala. 1999). "Whether an agreement is ambiguous is a question of law for the trial court." *Terry Cove North v. Baldwin County Sewer Authority, Inc.*, 480 So.2d 1171, 1173 (Ala.1985). "The mere fact that adverse parties contend for different constructions does not of itself force the conclusion that the disputed language is ambiguous." *Englund's Flying Serv., Inc. v. Mobile Airport Auth.*, 536 So.2d 1371, 1373 (Ala.1988). "In order to ascertain the intentions of the parties, the clear and plain meaning of the terms of the agreement are to be given effect, and the parties are presumed to have intended what the terms clearly state." *Terry Cove North*, 480 So.2d at 1173. "Extrinsic evidence may be admitted only if the court finds that the contract is ambiguous." *Id.*

Upon reviewing the contract, the court concludes that it is unambiguous.[2] The evidence offered by the plaintiff in its attempt to show that he is entitled to severance pay, outside and beyond his employment contract,  is extrinsic and the court may not consider it.  *See, e.g., Terry Cove North*, 480 So.2d at 1173.  The terms of the contract clearly state that "[t]his Agreement contains the entire agreement between the Parties

---

[2]The plaintiff also argues that because the term "conviction" is not defined by the contract, that term is ambiguous.  As the United States Supreme Court ruled that a guilty plea is a conviction many years prior to the parties here entering the contract in issue, the court finds nothing ambiguous about this term.  See *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).  The plaintiff does not cite any case at all for his proposition that there is no conviction until an individual is sentenced.

....”  Exhibit 3 to plaintiff depo.   Additionally, Exhibit A to the Employment

Agreement specifically sets forth those benefits to which the plaintiff is entitled upon

termination in paragraph A-4.[3]   Severance pay could have been, but is not, one of

those listed benefits.

The defendant's severance policy is contained within the defendant's *Human*

*Resource Policy Manual*, and states:

1. **Eligibility.**

a) <u>Eligible Employees</u>.   Terminated full-time employees who have
completed at least 24 months of service and who are leaving for any
other reason than "for cause" may be eligible for severance benefits,
subject to availability of funds.   Severance pay is determined on a case-
by-case basis and may be provided in a variety of circumstances where
an employee loses their (sic) position through no fault of their (sic) own
...

Exhibit 4 to plaintiff depo.  The plaintiff argues that the defendant has paid severance

to twenty-one prior employees.   Plaintiff's brief in opposition, at 13 n. 1.   The

plaintiff does not allege that any of these twenty-one individuals were terminated

upon conviction for receipt of child pornography.

---

[3]That section states:

A-4    In the event of termination of this Agreement for any reason, Mr. Koehler shall be
entitled to: (a) Base Compensation for all time worked up to, but not including the
effective date of termination, on a prorated basis: (b) compensation in lieu of any
unused vacation time; plus (c) any accrued, allowable expenses.

*See* Exhibit A to Employment Agreement, Compensation and Benefits for Henry Koehler.

Even assuming that the policy does apply to plaintiff, the court notes that the terms of the policy exclude the plaintiff from such benefits. Plaintiff has failed to allege, and indeed cannot allege, (a) that his termination for conviction of a crime of moral turpitude is not a termination "for cause" or (b) that his termination was through no fault of his own.  Thus, the clear terms of the severance policy exclude the plaintiff from receiving such benefits.

### V. Conclusion

The court, finding that there are no genuine issues of material fact in dispute, and that the defendant is entitled to judgment in its favor as a matter of law, **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**. The plaintiff's claims are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** this 25th day of October, 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE